**NORTON ROSE FULBRIGHT US LLP**
ERIC MARTIN (SBN 330534)
8001 Forsyth Blvd., Suite 800
St. Louis, MO 63105
Telephone: (314) 505-8822
Facsimile: (314) 505 8899
eric.martin@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US, LLP**
KATHERINE G. CONNOLLY (SBN 313640)
1 Embarcadero Center, Suite 1050
San Francisco, CA 94111
Telephone: (628) 231-6800
Facsimile: (628) 231-6799
katie.connolly@nortonrosefulbright.com

Attorney for Petitioner PAYWARD
INTERNATIONAL MARKETS LIMITED

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYWARD INTERNATIONAL MARKETS LIMITED,<br><br>    Petitioner,<br><br>v.<br><br>YAHYA IMAD,<br><br>    Respondent. | Case No. 25-cv-10340<br><br>**PETITION TO CONFIRM FINAL ARBITRATION AWARD** |

Petitioner Payward International Markets Limited d/b/a Kraken ("Kraken"), by and through its undersigned attorneys, hereby petitions this Court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 ("New York Convention"), as implemented by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, to confirm a Final Arbitration Award against Yahya Imad.

The arbitration proceeding, *Yahya Imad v. Payward International Markets Limited, d/b/a Kraken* (the "Arbitration"), was administered by JAMS, under case number 1100118664. The arbitration was conducted pursuant to JAMS International Arbitration Rules and were presided over by a single arbitrator: Dr. Ryan Abbott. Arbitrator Abbott denied Mr. Imad's requested relief and entered the Award in favor of Kraken. Specifically, the Final Award held that Mr. Imad "has not provided sufficient evidence to support that Respondent [Kraken] is liable for damages under any theory he had advanced." The arbitrator issued the final award on October 18, 2025, in favor of Kraken. A true and correct copy of the award is attached to the Declaration of Katherine G. Connolly filed herewith, as **Exhibit 2** ("Kraken Award").

## PARTIES

1. Petitioner Payward International Markets Limited d/b/a Kraken ("Kraken") is a wholly owned subsidiary of Seven Cities Pte. Ltd., which is wholly owned by Payward, Inc., and registered in the British Virgin Islands. Petitioner operates a cryptocurrency exchange, which offers an exchange platform to buy and sell digital assets through online and mobile application interfaces.

2. Respondent Yahya Imad is an individual resident of Romania and user of Petitioner's services.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203, which states that United States District Courts shall have original jurisdiction over an action that falls within the New York Convention. Because this action concerns an "arbitral award arising out of a legal relationship . . . which is considered as commercial" and is not an "award arising out of such a relationship which is entirely between citizens of the United States[,]" 9 U.S.C. § 202, this action

falls under the New York Convention. *See also HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1239 (9th Cir. 2022) ("Arbitration awards that, as here, involve at least one foreign party are governed by the Convention.")

4. This Court also has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(2), in that this action is between citizens of the British Virgin Islands and Romania, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper for this confirmation proceeding pursuant to pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 204 because the parties' agreement states that "any arbitration will occur in San Francisco, California" and "the state or federal courts in San Francisco, California have exclusive jurisdiction over any appeals of an arbitration award and over any suit between the parties not subject to arbitration" and thus this court "embraces the place designated in the agreement as the place of arbitration if such place is within the United States".

6. This case is appropriate for assignment to the San Francisco Division pursuant to Civil Local Rule 3-2(d) because the place designated in the agreement is San Francisco, California.

## FACTUAL BACKGROUND

7. On January 30, 2025, Mr. Imad filed a Demand for Arbitration with JAMS against Kraken seeking damages for losses related to alleged theft of cryptocurrency from his Kraken account, pursuant to the Terms of Service entered into between Mr. Imad and Kraken on January 8, 2018. Mr. Imad filed amended demands on February 19, March 7, and April 24, 2025.

8. The Terms of Service, a true and correct copy of which are attached to the Declaration of Katherine G. Connolly, as **Exhibit 1**, state:

> *14. Dispute Resolution; Arbitration; Applicable Law*
>
> ***PLEASE READ THE FOLLOWING PARAGRAPH CAREFULLY BECAUSE IT REQUIRES YOU TO ARBITRATE DISPUTES WITH US AND IT LIMITS THE MANNER IN WHICH YOU CAN SEEK RELIEF.***
>
> *You and Kraken agree to arbitrate any dispute arising from these Terms or your use of the services, except for disputes in which either party seeks equitable and other relief for the alleged unlawful use of copyrights, trademarks, trade names, logos, trade secrets or patents. ARBITRATION PREVENTS YOU FROM SUING IN COURT OR FROM HAVING A JURY TRIAL. You and Kraken agree to notify each other in writing of any dispute within 30 days of when it arises. Notice to*

3
PETITION TO CONFIRM FINAL ARBITRATION AWARD

DOCUMENT PREPARED ON RECYCLED PAPER

> *Kraken must be sent tolegal@kraken.com. You and Kraken further agree: (a) to attempt informal resolution prior to any demand for arbitration; (b) that any arbitration will occur in San Francisco, California; (c) that arbitration will be conducted confidentially by a single arbitrator in accordance with the rules of JAMS; and (d) that the state or federal courts in San Francisco, California have exclusive jurisdiction over any appeals of an arbitration award and over any suit between the parties not subject to arbitration. Other than class procedures and remedies discussed below, the arbitrator has the authority to grant any remedy that would otherwise be available in court. Any dispute between the parties will be governed by these Terms and the laws of the State of California and applicable United States law, without giving effect to any conflict of laws principles that may provide for the application of the law of another jurisdiction. Whether the dispute is heard in arbitration or in court,  you and Kraken won't commence against the other a class action, class arbitration or representative action or proceeding.*

9. The parties agreed that the arbitration clause contained within the Terms of Service is enforceable and there was no dispute as to arbitrability of the matter.

10. The Arbitration was commenced on February 26, 2025.

11. Arbitrator Abbott was duly appointed as the neutral to decide the dispute. Mr. Imad did not object to Arbitrator Abbott's appointment at any time.

12. After considering the evidence, including briefing and expert reports submitted by both parties, Arbitrator Abbott issued a final award on October 18, 2025, dismissing Mr. Imad's claims in their entirety. The Kraken Award is in "full settlement of the merits of all claims and issues submitted to this arbitration" and "[a]ll claims, defenses, and contentions not expressly granted herein are denied." The Kraken Award is attached to the Declaration of Katherine G. Connolly, as **Exhibit 2**.

## LEGAL FRAMEWORK

13. The New York Convention applies to the confirmation of the Kraken Award. "To determine whether the Convention applies to an arbitration agreement courts generally consider four factors: whether (1) the agreement is in writing within the meaning of the Convention, (2) the agreement provides for arbitration in the territory of a signatory of the Convention, (3) the agreement arises out of a [commercial] legal relationship, and (4) a party to the agreement is not an American citizen or the commercial relationship has some reasonable relation with a foreign state." *Ding v. Structure Therapeutics, Inc.*, No. 24-CV-01368-JSC, 2024 WL 4609593, at *4 (N.D. Cal.

Document Prepared on Recycled Paper

Oct. 29, 2024) (citing *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654–55 (9th Cir. 2009)).

14. This matter arises out of a written arbitration agreement (**Exhibit 1** to the Declaration of Katherine G. Connolly), which provides for arbitration in the United States which is a signatory to the New York Convention. Further, it involves a dispute between a company registered in the British Virgin Islands and a Romanian national.

## ARGUMENT

### A. The Court Has Jurisdiction

15. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203, which states that United States District Courts shall have original jurisdiction over an action that falls within the New York Convention. Because this action concerns an "arbitral award arising out of a legal relationship . . . which is considered as commercial" and is not an "award arising out of such a relationship which is entirely between citizens of the United States[,]" 9 U.S.C. § 202, this action falls under the New York Convention. *See also HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1239 (9th Cir. 2022) ("Arbitration awards that, as here, involve at least one foreign party are governed by the Convention.")

16. This Court also has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(2), in that this action is between citizens of the British Virgin Islands and Romania, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### B. Venue Is Proper

17. Venue is proper for this confirmation proceeding pursuant to pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 204 because the parties' agreement states that "any arbitration will occur in San Francisco, California" and "the state or federal courts in San Francisco, California have exclusive jurisdiction over any appeals of an arbitration award and over any suit between the parties not subject to arbitration" and thus this court "embraces the place designated in the agreement as the place of arbitration if such place is within the United States".

### C. The Petition Is Timely

18. The FAA provides that "[w]ithin three years after an arbitral award falling under the

DOCUMENT PREPARED ON RECYCLED PAPER

[New York] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." This Petition is timely as it is made within three years after the Award was issued on October 18, 2025. 9 U.S.C. § 207.

### D. Confirmation of the Award is Proper as None of the Defenses Apply

19. The review of a New York Convention award "is quite circumscribed." *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.* ("Ministry of Def."), 969 F.2d 764, 770 (9th Cir. 1992). When a petitioner seeks an order confirming an award under the New York Convention, the "district court has little discretion: '[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention.'" *Id.* (citing 9 U.S.C. § 207); *Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 835–36 (9th Cir. 2010) (noting the "seven defenses to the recognition or enforcement of an arbitral award" enumerated in the New York Convention).

20. The seven Convention defenses are, in short: (1) the arbitration agreement is invalid; (2) the party against whom the award is invoked was not given proper notice of the arbitration or was otherwise unable to present its case; (3) the award deals with matters beyond the scope of the arbitration agreement; (4) the composition of the arbitral tribunal or the arbitral procedure was not in accordance with the parties' agreement or applicable law; (5) the award has not yet become binding or has been set aside by a competent authority; (6) the subject matter of the award is not capable of settlement by arbitration under the law of the country where enforcement is sought; and (7) the enforcement of the award is contrary to the public policy of the country where enforcement is sought. Convention, Art. V.

21. The defenses specified under the Convention "are interpreted narrowly." *Id.* at 836. This burden is "substantial because the public policy in favor of international arbitration is strong." *Id.* Here, no such grounds exist:

    a. The parties agreed that the arbitration clause contained within the Terms of Service is enforceable and there was no dispute as to arbitrability of the matter;

DOCUMENT PREPARED ON RECYCLED PAPER

b. Mr. Imad was given proper notice and participated n the arbitration, presenting factual and expert evidence in support of his legal arguments;

c. The Kraken Award addresses only matters that fall within the scope of the Terms of Service;

d. Arbitrator Abbott was appointed pursuant to the JAMS International Arbitration Rules and no party objected to his appointment;

e. The Kraken Award is final and binding and has not been set aside by any authority;

f. The dispute was decided under the laws of California and the subject matter of the award is capable of settlement by arbitration under the laws of California and the United States; and

g. Enforcement of the award is not contrary to the public policy of the United States.

## CONCLUSION

22. All requirements for confirmation of this award have been met and Kraken's Petition should be granted.

## RELIEF REQUESTED

23. Accordingly, pursuant to 9 U.S.C. § 207, Kraken seeks:

(1) Confirmation of the Kraken Award;

(2) Entry of Judgment in favor of Kraken against Mr. Imad, consistent with the relief set forth in the Kraken Award;

(3) any and all further relief this Court deems just and proper.

Dated: December 2, 2025                             **NORTON ROSE FULBRIGHT US LLP**

By: /s/ *Eric D. Martin*
ERIC D. MARTIN
KATHERINE CONNOLLY
Attorneys for Petitioner PAYWARD INTERNATIONAL MARKETS LIMITED

DOCUMENT PREPARED ON RECYCLED PAPER